### O'LEARY v. CANDEE et al.

(Supreme Court, Special Term, New York County. November 21, 1899.)

MASTER AND SERVANT—NEGLIGENCE—PLEADING—BILL OF PARTICULARS.

Where a complaint, in an action by a servant for negligence, stated that the defendant failed to provide lawful safeguards, that one of such safeguards was lacking, and that the place provided for plaintiff to work was unsafe, defendant was entitled to a bill of particulars stating the particular safeguard claimed to have been omitted, and in what respect the place provided to work in was unsafe.

Action by one O'Leary against one Candee and others. Motion for a bill of particulars. Granted.

Abraham Levy, for plaintiff.

Nadal, Smyth, Carrére & Trafford, for defendant.

SCOTT, J. One province of a bill of particulars in an action for negligence, and a very important one, is to apprise the defendant of what specific act or acts of negligence he is charged with, in order that he may be protected against surprise at the trial. In the present case the allegations of negligence are extremely broad, and it is impossible to foresee from the complaint what specific acts will be proven or attempted to be proven to sustain the allegations. The plaintiff, of course, knows what were the proper, usual, necessary, and lawful safeguards which he intends to prove that the defendants neglected to provide, and also which one of the safeguards required by law was lacking. There is no reason why he should not state what particular safeguards he refers to and expects to prove the absence of. So, also, he should specify in what respects he claims that the place provided for the plaintiff to work in was unsafe. To require him thus to specify the particulars of his claim is not calling upon him to disclose his evidence, or to limit him in his proof of negligence, but merely to apprise the defendants of the specific acts of negligence which form the basis of his very general allegations, and which he expects to be able to prove.

Motion granted, with $10 costs to abide the event.